UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
ALLEN J. HANSON,                    )
                                    )   C.A. No. 17-598 WES
        Plaintiff,                  )
                                    )
    v.                              )
                                    )
STATE OF RHODE ISLAND DEPARTMENT    )
OF CORRECTIONS et al.,              )
                                    )
        Defendants.                 )
_____ )

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Plaintiff Allen J. Hanson is an inmate at the Intake Service Center in Cranston, Rhode Island. On December 27, 2017, he filed a complaint alleging violations of 42 U.S.C. § 1983 by two correctional officers and the Rhode Island Department of Corrections. Compl. 2-8, ECF No. 1. These defendants move to dismiss the complaint for failure to exhaust administrative remedies and deficient service. See generally Mot. to Dismiss, ECF No. 15.

The claim that Hanson has failed to exhaust his administrative remedies is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). As such, and because its merit is not obvious from reading the complaint, the adjudication of this claim is not proper on a motion to dismiss. See Colonial Mortg. Bankers Corp. v. Lopez-Stubbe, 324 F.3d 12, 16 (1st Cir. 2003) (holding that the

resolution of an affirmative defense on a motion to dismiss is inappropriate unless "conclusively establish[ed]" by "the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice"); Beltran v. O'Mara, 405 F. Supp. 2d 140, 149 (D.N.H. 2005) ("Whether an inmate has [exhausted available administrative remedies] presents a question of law, although the answer may depend on disputed factual issues.").

The merit of defendants' failure-to-exhaust defense is not obvious at least in part because Hanson, while admitting he failed to properly file a grievance, asserts that he has been denied the forms necessary to do so. Compl. 3, 6-8. Assuming this is true, as the Court must at the motion-to-dismiss stage, Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), Hanson had no administrative remedies "available" to him to exhaust, 42 U.S.C. § 1997e(a). See, e.g., Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."); Kaba v. E.A. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("If administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust."); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (same). Therefore, the Court cannot dismiss Hanson's complaint, at least in the case's

2

current posture.  Defendants may reiterate their argument on summary judgment or at trial.

Defendants also move that Hanson's complaint be dismissed as against the two correctional officers because they have only been served in their official capacities, and therefore exist in this suit outside the ambit of section 1983.  Mem. of Law in Supp. of Mot. to Dismiss 9-10.  This part of defendants' motion is granted, but supererogatory:  the Court has already recognized Hanson's wish to proceed against only the Department of Corrections, Text Order, Apr. 6, 2018, and indeed the summons he filled out directed service only on the Department, Process Receipt and Return, ECF No. 13.

For the foregoing reasons, defendants' motion to dismiss, ECF No. 15, is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

*/s/ William E. Smith*
_____
William E. Smith
Chief Judge
Date: January 31, 2019