UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLEN J. HANSON,
    Plaintiff,

v.                                      C.A. No. 17-598WES

RHODE ISLAND DEPARTMENT OF
CORRECTIONS, et al.,
    Defendants.

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are two motions filed by Plaintiff Allen J. Hanson: his motion to amend complaint (ECF No. 38) and his motion for appointment of counsel (ECF No. 41). Based on the following reasons, the motions are denied without prejudice.

Motion to Amend

Plaintiff's motion to amend was filed on September 3, 2019. ECF No. 38. Since it was filed, Defendant Rhode Island Department of Corrections ("RIDOC") asked for two extensions to file an opposition. ECF Nos. 40, 46. However, the most recent deadline (November 18, 2019) has come and gone and no opposition has been filed. This is not to suggest that RIDOC has abandoned the case; for example, today RIDOC filed a motion for Rule 37 dismissal. ECF No. 52. Mindful of the laxity of the standard for early amendment established by Fed. R. Civ. P. 15, as well as Plaintiff's *pro se* status,[1] when there is no objection, the Court normally simply

---

[1] The filings of *pro se* litigants must be read with appropriate leniency. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Silva v. Farrell, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 (D.R.I. Jan. 15, 2019), adopted, 2019 WL 2500668 (D.R.I. Jan. 30, 2019).

grants the motion.  The problem here is Plaintiff's motion is hopelessly deficient.  Accordingly, the Court cannot proceed in the usual fashion.

The first serious problem is that Plaintiff has failed to comply with the strict requirement that he must file a copy of the proposed amended pleading.  DRI LR Cv 15 ("A motion to amend a pleading shall . . . be accompanied by a complete and signed copy of the proposed amended pleading.").  This mandate is not merely technical; without a new, complete and coherent unitary pleading that may be read alone as a single document containing all of the parties, facts, statements of claims and prayers for relief, it is impossible for the named defendants or the Court to understand and proceed on the new claims.  Nor is Plaintiff a stranger to this requirement; his first motion to amend was denied in part because "it does not include an amended complaint constituting a single document setting out all claims and naming all defendants."  Text Order of Apr. 6, 2018.  For this reason alone, the motion to amend must be denied without prejudice.

The second serious problem is that the motion to amend states that a purpose of the amendment is "adding parties," yet it does not identify the proposed new parties.  Fundamental to due process is the proposition that parties cannot be joined to a case without being clearly identified in a pleading that states a claim against each and without being served with the complaint and a summons.  Fed. R. Civ. P. 4, 8, 10.  Further, the Court's screening obligation under 28 U.S.C. § 1915 cannot be performed unless and until the Court has the identities of the proposed new parties.  This deficiency is also a reason to deny the motion without prejudice.

The third serious problem, which affects only part of the proposal for amendment, is based on futility.  Tavares v. Macomber, C.A. No. 18-606WES, 2019 WL 2502933, at *2 (D.R.I. June 17, 2019) ("Absent . . . futility, the motion [to supplement] should be freely granted.") (quoting Graham v. Grondolsky, No. Civ. A. 08-40208-MBB, 2012 WL 405459, at *16 (D.

Mass. Feb. 7, 2012)) (second alteration in original). Plaintiff is now adjudicated and sentenced, yet many of his proposed claims appear to be an attack on the propriety of his conviction – specifically, he seeks compensatory and punitive damages based on his allegations that he was the victim of a criminal conspiracy by correctional officers to procure evidence against him from a cell mate and of "prosecutorial overreaching" by the Attorney General.

It is well settled that such civil damage claims brought pursuant to 42 U.S.C. § 1983, alleging that a criminal arrest or prosecution was based on intentionally fabricated evidence or prosecutorial overreach, are not ripe as long as the criminal proceedings (including appeals and post-conviction proceedings) are ongoing. Even more important, the § 1983 cause of action does not accrue until the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of Heck v. Humphrey, 512 U.S. 477, 486-487, 489 (1994). See McDonough v. Smith, 139 S. Ct. 2149, 2158 (2019). "The proper approach in our federal system generally is for a criminal defendant who believes that the criminal proceedings against him rest on knowingly fabricated evidence to defend himself at trial and, if necessary, then to attack any resulting conviction through collateral review proceedings. [Plaintiff] therefore ha[s] a complete and present cause of action for the loss of his liberty only once the criminal proceedings against him terminated in his favor." Id. at 2159. Accordingly, all of Plaintiff's proposed claims that challenge his prosecution, conviction or sentence are barred for now by the Supreme Court's holding in Heck, 512 U.S. at 487-88.[2] Further, to the extent that the new claims are not intended just to recover damages (although that is what the motion says), but rather are meant to challenge the appropriateness of the conviction or sentence, they belong in a habeas corpus petition pursuant to 28 U.S.C. § 2254. And such a petition may be brought in

---

[2] As held in McDonough, the statute of limitations on the § 1983 damage claim does not begin to run until the sentence is vacated. 139 S. Ct. at 2157-58.

federal court only after all applicable state-law remedies have been properly exhausted. 28 U.S.C. § 2254(b)(1); Tavares, 2019 WL 2502933, at *3. To the extent that Plaintiff seeks to bring claims that challenge his criminal prosecution, conviction or sentence, they are futile and the motion to amend to add them must be denied.

Based on the foregoing, if Plaintiff still wishes to amend the complaint, he is ordered to file a new motion with a proposed Amended Complaint within thirty days of this Memorandum and Order. It must clearly name all defendants he wishes to sue and clearly set forth his claims against each, as well as restate all of the material from his original complaint that he wants to continue to pursue as part of the case. This proposed Amended Complaint must exclude any claims that amount to an attack on the propriety of the criminal prosecution, conviction and sentence that has led to his present confinement. For now, the motion to amend (ECF No. 38) is denied without prejudice.

Motion for Counsel

There is no constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); see Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998); Barkmeyer v. Wall, C.A. No. 09-430S, 2009 WL 3046326, at *1 (D.R.I. Sept. 22, 2009). Further, there is no funding mechanism for appointed counsel in civil cases; therefore, the matter is subject to the district court's broad discretion, to be exercised in light of the difficulties in rationing the precious resource of volunteer lawyer services. Sai v. Transp. Sec. Admin., 843 F.3d 33, 35 (1st Cir. 2016). "To qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Choksi v. Trivedi, 248 F. Supp. 3d 324, 328 (D. Mass. 2017) (citing

4

DesRosiers, 949 F.2d at 23); see Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"). To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, "a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24. Just because a plaintiff alleges sufficient facts to state a claim in the complaint, that does not in and of itself require the appointment of counsel. Cookish, 787 F.2d at 2-3; Childs v. Duckworth, 705 F.2d 915, 922 (7th Cir. 1983).

This motion for counsel is more difficult than many in that Plaintiff appears to be very limited in his ability to prosecute this case for himself. The problem arises when the Court examines the merits and complexity of Plaintiff's non-Heck-barred claims; a lenient reading[3] of his original complaint does not suggest that any of them is such as to give rise to extraordinary circumstances. For example, he seeks damages arising from a single incident in May 2017 when his ankle was bruised by a correctional officer who was trying to spread his legs for a search; even if the Court assumes (as it must at this stage of the proceeding) that the officer's conduct was inappropriate, it is difficult to posit that the incident, as Plaintiff describes it, rises to the level of an Eighth Amendment violation. See ECF No. 1 at 4 ("kicking my ankles with her boots leaves bruises"); see Baldwin v. Tessier, No. CIV.A. 05-10898-DPW, 2006 WL 753244, at *8 (D. Mass. Mar. 22, 2006) (extent of injury suffered by inmate one factor that may suggest use of force in particular situation was excessive; absence of serious injury is relevant to Eighth Amendment inquiry). Plaintiff also alleges that a correctional officer "talked inappropriate" to him on one occasion but provides nothing to suggest what it was about that single verbal remark

---

[3] See n.1.

that would make it actionable. Plaintiff complains bitterly about being fined for tearing pages out of law books; however, the attachments to his pleading indicate that he received a due process hearing before being fined. ECF Nos. 1-3, 1-4, 1-5, 1-8. And Plaintiff complains that he was denied access to grievance forms, yet he attaches grievance forms that he filled in and to which RIDOC responded.

Far more troubling are two of the non-Heck-barred allegations mentioned in Plaintiff's motion to amend. For example, the motion claims that the suicide watch area was unsanitary and that, after assaulting another inmate, Plaintiff was placed in segregation for six months during which he was denied necessary mental health treatment. These allegations are more substantive and may well justify the appointment of counsel; however, they are not yet in the case. If Plaintiff files an Amended Complaint that develops these claims sufficiently to permit the Court to conclude that his need for appointed counsel to litigate them presents exceptional circumstances, this ruling will be revisited, potentially *sua sponte*. At this stage of the case, however, the claims that are pending do not carry enough heft to give rise to circumstances that would justify the appointment of counsel.

Based on the foregoing, Plaintiff's motion for appointment of counsel (ECF No. 41) is denied without prejudice.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
November 25, 2019