UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLEN J. HANSON, *pro se*,
    *Plaintiff*

v.

STATE OF RHODE ISLAND DEPARTMENT
OF CORRECTIONS, *et al.*,
    *Defendants*

C.A. No. 1:17-cv-00598-WES-PAS

### MEMORANDUM OF LAW IN SUPPORT OF RIDOC'S OBJECTION TO PLAINTIFF'S [THIRD] MOTION TO AMEND/CORRECT COMPLAINT (ECF 59)

NOW COME the Defendants, State of Rhode Island, Department of Corrections, Correctional Officer Panerello and Correctional Officer Grady, in their official capacities only (collectively, "RIDOC" or the "State") and hereby object to the third Motion to Amend/Correct Complaint ("Third Motion to Amend") filed by the Plaintiff, Allen J. Hanson ("Hanson" or "Plaintiff"). As grounds for this Objection, the RIDOC contend Plaintiff's proposed amendment is irrelevant, futile, fails to state any claims upon which this Court may grant relief and fails to cure inherent flaws in Plaintiff's original pleading. Moreover, RIDOC submits that Plaintiff's Third Motion to Amend does not comply with this Honorable Court's local rule regarding amended pleadings or the Federal Rules of Civil Procedure. For the reasons set forth herein, RIDOC prays that this Honorable Court deny Plaintiff's Third Motion to Amend/Correct Complaint (ECF 59).

### FACTS AND TRAVEL

Plaintiff is an inmate presently incarcerated at the Adult Corrections Institute ("ACI") and housed in the maximum-security facility, in Cranston, Rhode Island.[1] At the time Plaintiff filed

---

[1] Recently, Plaintiff entered a plea of *nolo contendere* to involuntary manslaughter and was

1

the Complaint, ECF 1, on or about December 27, 2017, Plaintiff was a pretrial detainee and housed at the Intake Service Center ("ISC") in Cranston, Rhode Island. The Complaint names RIDOC, Correctional Officer Panerello (hereinafter "CO Panerello") and Correctional Officer Grady (hereinafter "CO Grady") as Defendants[2] and lists 42 U.S.C. § 1983 as the basis for jurisdiction. See ECF 1, at ¶ II. Although it is somewhat unclear from the Complaint, Plaintiff appears to allege three claims: (1) CO Panerello allegedly assaulted Plaintiff by kicking Plaintiff's ankles during a pat down on or about May 26, 2017, causing Plaintiff physical and emotional pain, including a mental breakdown and bruises, and "booked for no reason 20 days in segregation"; (2) RIDOC allegedly failed to provide Plaintiff access to grievance forms on an unspecified date; and, (3) CO Grady allegedly "talked inappropriate" to Plaintiff while in an interview room in "G Mod" on an unspecified date. See ECF 1, at ¶ IV. Plaintiff's Complaint seeks relief from this Court in the form of a "reprimand" of RIDOC and CO Panerello and CO Grady, "a change in policy making [grievance forms] readily available to inmates in the facility", and "[$]15,000 for damages". See ECF 1, at ¶ VI.

Subsequent to filing the Complaint, but before serving RIDOC, Plaintiff moved for leave to amend the complaint, ECF 9, which the Court denied by Text Order. The April 6, 2018 Text Order states that:

> TEXT ORDER denying 9 Motion to Amend/Correct. Plaintiffs motion to amend is

---

sentenced to thirty (30) years at the Adult Corrections Institute, with twenty-six (26) years to serve for the murder of Jennifer Silvia in May 2017. See State of Rhode Island v. Hanson, C.A. No. P1-2017-3327A (R.I. Super Ct. July 15, 2019) (Matos, J.). Currently, Plaintiff is serving concurrent sentences for felony domestic assault and involuntary manslaughter and has a pending felony charge for obtaining property by false pretenses greater than $1,500. See State of Rhode Island v. Hanson, C.A. No. K2-2017-0096A (R.I. Super. Ct. filed Feb. 13, 2017).

[2] On June 7, 2018, the Office of the Attorney General accepted service on behalf of the State of Rhode Island, Department of Corrections. ECF 13. Plaintiff did not direct service on CO Panerello or CO Grady. Plaintiff subsequently indicated to the Court that he no longer wished to pursue claims against CO Panerello or CO Grady. See ECF 7; ECF 8; see also Text Order, Apr. 6, 2018.

2

> denied because it does not include an amended complaint constituting a single document setting out all claims and naming all defendants. However, Plaintiffs [*sic*] note states that **he now wishes to proceed only against DOC**. RI DOC was already named as a defendant in his original complaint. Plaintiff does not need to amend to add RI DOC to his case. Therefore, the attempted amendment is unnecessary. However, Plaintiff is now past the 90 day period for serving the complaint pursuant to Fed. R. Civ. P. 4(m). In light of his pro se status, the time to serve the defendant with the summons and complaint is hereby extended to May 25, 2018. Although Plaintiff has already been sent the summonses and other materials for service of process, the Court directs the clerk to send them to him again. In order for the complaint to be timely served, Plaintiff is cautioned that he must PROMPTLY fill in the summons and return it to the clerk for delivery (with the original complaint) to the US Marshals Service for service. So Ordered by Magistrate Judge Patricia A. Sullivan on 4/6/2018. (Saucier, Martha) Modified on 4/6/2018 (Saucier, Martha). (Entered: 04/06/2018) (emphasis added).

Text Order, Apr. 6, 2018. After accepting service of the Complaint, RIDOC moved to dismiss the Complaint on June 27, 2018. See ECF 15. The Court entered a Memorandum and Order on January 31, 2019, denying the Motion in part, as premature with respect to RIDOC's argument that Plaintiff failed to exhaust administrative remedies, and granting the Motion in part with respect to CO Panerello and CO Grady in their individual capacities. See Mem. and Order, ECF 24, at 3. RIDOC filed an Answer to the Complaint on February 14, 2019. See ECF 28.

Plaintiff filed his second Motion to Amend/Correct Complaint, ECF 38, on or about September 3, 2019, which the Court again denied by Text Order. The Court described Plaintiff's second Motion to Amend as "hopelessly deficient" and denied said Motion for three reasons: first, Plaintiff failed to file a copy of the proposed amended pleading; second, the Plaintiff did not identify the "proposed new parties" he wished to add; and third, based on futility. See Text Order, November 25, 2019, ECF 53. The Court ordered Plaintiff to "file a new motion with a proposed Amended Complaint within thirty days of this Memorandum and Order." Id. at 4.

Plaintiff then filed his Third Motion to Amend/Correct Complaint on or about December 19, 2019, which is the subject of the instant Objection. See ECF 59.

3

## STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides that plaintiffs may amend their complaint only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) guides the court that permission to amend should be freely given when justice so requires; justice being the overriding consideration. "Grounds for denial include 'undue delay, bad faith or dilatory motive … repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party … [and] futility of amendment." Villanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011) (quoting ACA Fin Guar. Corp. v. Advest Inc., 512 F.3d 46, 56 (1st Cir. 2008)). The district court's decision "will not be disturbed 'if any adequate reason for the denial is apparent on the record.'" Barber v. Verizon New England, Inc., 2006 WL 561893 *1 (D.R.I. March 7, 2006) (quoting Massachusetts Eye and Ear Infirmary v. OLT Phototherapeutics, Inc., 412 F.3d 215, 231 (1st Cir. 2005)). An appellate court's review is with an "abuse of discretion" eye. Villanueva, 662 F.3d at 127.

## ARGUMENT

**I.  Plaintiff's Third Motion to Amend fails to comply with the Local Rules of the Rhode Island District Court; therefore, this Court should not entertain the same.**

Pursuant to this Court's local rule governing motions to amend, "[a] motion to amend a pleading shall be accompanied by: (a) the proposed amended pleading; and (b) a supporting memorandum that explains how the amended pleading differs from the original and why the amendment is necessary." D.R.I. LR Cv 15. Local Rule 15 further states that "[a]ny motion to amend a pleading shall be made promptly after the party seeking to amend first learns the facts that form the basis for the proposed amendment."

Here, Plaintiff has filed a motion to amend that fails on its face. First, the proposed amended pleading essentially mirrors that of the original complaint. Further, the proposed

4

amended pleading does not take into consideration those allegations, claims, counts, parties, and relief previously dismissed by this Court. Second, the Plaintiff fails to provide this Court with a memorandum, or any explanation whatsoever, as to how the amended complaint differs from the original and, more importantly, why the amendment is necessary. Plaintiff's one-sentence, Third Motion to Amend does nothing to explain how his third proposed amended pleading differs from his original or why the amendment is necessary.

Accordingly, Plaintiff's Third Motion to Amend should be denied because it clearly fails to comply with this Court's local rules. See Petaway v. Duarte, 2012 WL 1883506 at *6 (D.R.I. May 22, 2012) ("We have consistently held that a litigant's pro se status [does not] absolve him from compliance with [either] the Federal Rules of Civil Procedure [or] a district court's procedural rules.") (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 n.2 (1st Cir. 2000)).

**II.     Plaintiff's Third Motion to Amend fails to state a claim upon which relief may be granted and fails to take into consideration prior attempts to amend; therefore, it should be denied as futile.**

Plaintiff's Third Motion to Amend should be denied because it is no more than an exercise of futility. Fed. R. Civ. P. 15(a) requires that, once litigation has progressed to the point that an answer has been filed "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Notably, the rule specifies that "leave shall be freely given when justice so requires." Id. Applying that standard, courts have identified a number of factors that may preclude permission to amend, including futility of amendment. In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court alluded to some of those factors, as follows:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Foman, 371 U.S. at 182, 83 S.Ct. at

5

230.  (Emphasis added).

Concerning such futility, the First Circuit has stated that where an amendment "would serve no legitimate purpose, the district court should not needlessly prolong matters."  Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990); see also Aponte-Torres v. Univ. Of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006) ("When a proffered amendment comes too late, would be an exercise in futility, or otherwise would serve no useful purpose, the district court need not allow it."); Steir v. Girl Scouts, 383 F.3d 7, 12 (1st Cir. 2004); Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989).

Plaintiff's Motion to Amend does not cure the defects present in the original Complaint and serves no legitimate purpose, as it essentially mirrors the original Complaint and fails to set forth any additional facts or claims upon which relief may be granted.  As such, the proposed amendment is futile and fails to cure the fact that none of the allegations in Plaintiff's original pleading state a claim of constitutional dimension or a claim upon which relief may otherwise be granted.  See Sandin v. Conner, 515 U.S. 472, 480 (1995) ("The Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)).

In addition, an amended complaint, once filed, normally supersedes the antecedent complaint.  See InterGen N.V. v. Grina, 344 F.3d 134, 145 (1st Cir. 2003).  Thereafter, the earlier complaint is a dead letter and "no longer performs any function in the case." Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003).  Frankly, granting the instant Third Motion to Amend will only further complicate what is the operative pleading and allegations asserted therein.  Accordingly, the proposed amended language is clearly futile, and Plaintiff's Third Motion to Amend should be denied.

### III. Plaintiff's Third Motion to Amend is dilatory, filed in bad faith, and an attempt to delay this litigation.

Plaintiff's Third Motion to Amend is nothing more than dilatory and a bad faith attempt to further delay this litigaiton. Pursuant to Federal Rule of Civil Procedure 15(a), a Plaintiff may amend a pleading once as a matter of course prior to being served a responsive pleading. Here, Plaintiff's Complaint was filed on December 27, 2017, his first Motion to Amend/Correct Complaint was filed on April 6, 2018, see ECF 9, the RIDOC served its Answer on February 14, 2019, see ECF 28, Plaintiff's second Motion to Amend/Correct Complaint was filed on September 3, 2019, see ECF 38, and his Third Motion to Amend/Correct Complaint was filed on December 19, 2019, see ECF 59.

Plaintiff has neither substantively responded to RIDOC's Request for Production of Documents, nor has he requested additional time to do so. The Court also granted Plaintiff's Motion for Extension of Time and amended the scheduling order an additional six (6) months for the parties to conduct discovery. See Text Order, December 18, 2019.

This matter has been pending for two years, during which time the RIDOC has been unable to ascertain and meaningfully respond to the allegations proferred against it due to Plaintiff's repeated failure to cure his pleading deficiencies through two (2) previous motions to amend, his failure to respond to discovery requests and his continuous delays. Moreover, D.R.I. LR Cv 15 states that "[a]ny motion ot amend a pleading shall be made promptly after the party seeking to amend first learns the facts that form the basis for the proposed amendment." (Emphasis added). Plaintiff's third proposed amended pleading, while mirroring those allegations asserted in his original Complaint, attempts to proffer additional claims that allegedly occurred while Plaintiff was incarcerated in the ISC in or around 2017 when his original Complaint was filed. Plaintiff's proposal of these additional claims, which he knew or reasonably should have known existed when

7

he filed his Complaint and two (2) previous Motions to Amend, is nothing more than a fourth, bad-faith attempt to create a pleading sufficient to withstand this Court's scrutiny. Should the Court grant Plaintiff's Third Motion to Amend, the RIDOC will continue to suffer undue prejudice as described supra. Accordingly, Plaintiff's Third Motion to Amend must be denied.

## CONCLUSION

WHEREFORE, RIDOC prays that this Honorable Court deny Plaintiff's third Motion to Amend/Correct Complaint, ECF 59, for the reasons set forth herein.

Respectfully Submitted,

STATE OF RHODE ISLAND,
DEPARTMENT OF CORRECTIONS, et al.

By:

PETER F. NERONHA
ATTORNEY GENERAL

 /s/ Kayla E. O'Rourke
Kayla E. O'Rourke, Bar No. 9531
Justin J. Sullivan, Bar No. 9770
Special Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Fax: (401) 222-2995
Ext. 2020 | korourke@riag.ri.gov
Ext. 2007 | jjsullivan@riag.ri.gov

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that a copy of the within Memorandum was filed via the ECF filing system on Friday December 27, 2019 and that it is available for viewing and downloading. I also hereby certify that I mailed a copy of the foregoing Memorandum by first class mail, postage prepaid on Friday December 27, 2019 to:

Allen J. Hanson, *pro se*
Inmate ID #129924
P.O. Box 8249
Cranston, RI 02920

                                                  */s/ Dylan R. Gaddes*