UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**ALLEN J. HANSON,** *pro se*,
    *Plaintiff*

v.

**STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS;** and, **CORRECTIONAL OFFICER PANERELLO,** in their official capacity,
    *Defendants*

C.A. No. 1:17-cv-00598-WES-PAS

**JURY TRIAL DEMANDED**

### MEMORANDUM OF LAW IN SUPPORT OF STATE'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF 61)

**NOW COME** Defendants the State of Rhode Island, Department of Corrections ("RIDOC") and Correctional Officer Panerello, in her official capacity only ("Officer Panerello") ("collectively, the "State" or "State Defendants") and hereby submits this Memorandum of Law in Support of the State's Motion to Dismiss Second Amended Complaint (ECF 61), of Plaintiff Allen J. Hanson ("Plaintiff" or "Hanson"), in the above-captioned civil action, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### FACTS AND TRAVEL

**A. THE COMPLAINT**

Plaintiff is an inmate presently incarcerated at the Adult Corrections Institute ("ACI") and housed in the maximum-security facility, in Cranston, Rhode Island.[1] At the time Plaintiff filed

---

[1] On June 11, 2019, during the pendency of this litigation, Plaintiff entered a plea of *nolo contendere* in Rhode Island Superior Court to involuntary manslaughter and was sentenced to thirty (30) years, with twenty-six (26) years to serve at the Adult Corrections Institute for the

the Complaint, ECF 1, on or about December 27, 2017, Plaintiff was a pretrial detainee and housed at the Intake Service Center ("ISC") in Cranston, Rhode Island. The Complaint names RIDOC, Correctional Officer Panerello (hereinafter "CO Panerello") and Correctional Officer Grady (hereinafter "CO Grady") as Defendants[2] and lists 42 U.S.C. § 1983 as the basis for jurisdiction. See ECF 1, at ¶ II.

### B.   PLAINTIFF'S FIRST AND SECOND MOTIONS TO AMEND THE COMPLAINT

Shortly after filing the Complaint, but before serving RIDOC, Plaintiff filed a motion, that *inter alia*, requested leave to Amend the Complaint to add RIDOC, "911", and the "East Providence Police" as defendants, *see* ECF 7. The Court denied Plaintiff's motion as moot and directed that in the event Plaintiff files an amended complaint "that adds new defendants, Plaintiff must include a completed summons for each of them" and cautioned Plaintiff that "an amended complaint is subject to screening pursuant to 28 U.S.C. § 1915A." *See* Feb. 21, 2018 Text Order. Shortly thereafter, before serving RIDOC, Plaintiff filed a Second Motion to Amend the Complaint, naming RIDOC as the only defendant, which the Court ultimately denied on April 6, 2018. *See* ECF 9; *see also* Apr. 6, 2018 Text Order. In denying Plaintiff's Second Motion to Amend, the Court stated the following:

> TEXT ORDER denying 9 Motion to Amend/Correct. Plaintiffs motion to amend is denied because it does not include an amended complaint constituting a single document setting out all claims and naming all defendants. However, Plaintiffs [*sic*]

---

killing of Jennifer Silvia in May 2017. *See State of Rhode Island v. Hanson*, C.A. No. P1-2017-3327A (R.I. Super Ct. July 15, 2019) (Matos, J.). At present, Plaintiff is serving concurrent sentences for felony domestic assault and involuntary manslaughter.

[2] On June 7, 2018, the Office of the Attorney General accepted service on behalf of the State of Rhode Island, Department of Corrections. ECF 13. While Plaintiff's Complaint named Officers Panerello and Grady as defendants, Plaintiff did not direct service of process on either. Plaintiff subsequently sent an *ex parte* letter to the Court, stating that that he no longer wished to pursue claims against Officers Panerello and Grady. *See* ECF 7; ECF 8; *see also* Text Order, Apr. 6, 2018.

> note states that ***he now wishes to proceed only against DOC***. RI DOC was already named as a defendant in his original complaint. Plaintiff does not need to amend to add RI DOC to his case. Therefore, the attempted amendment is unnecessary. However, Plaintiff is now past the 90 day period for serving the complaint pursuant to Fed. R. Civ. P. 4(m). ***In light of his pro se status***, the time to serve the defendant with the summons and complaint is hereby extended to May 25, 2018. Although Plaintiff has already been sent the summonses and other materials for service of process, the Court directs the clerk to send them to him again. In order for the complaint to be timely served, Plaintiff is cautioned that he must PROMPTLY fill in the summons and return it to the clerk for delivery (with the original complaint) to the US Marshals Service for service. So Ordered by Magistrate Judge Patricia A. Sullivan on 4/6/2018. (Saucier, Martha) Modified on 4/6/2018 (Saucier, Martha). (Entered: 04/06/2018)

*See* Text Order, Apr. 6, 2018 (***emphasis added***).

After accepting service of the Complaint, RIDOC moved to dismiss the Complaint on June 27, 2018. *See* ECF 15. The Court entered a Memorandum and Order on January 31, 2019, denying the Motion in part, as premature with respect to RIDOC's argument that Plaintiff failed to exhaust administrative remedies, and granting the Motion in part with respect to CO Panerello and CO Grady in their individual capacities. *See* Mem. and Order (ECF 24), at 3. RIDOC filed an Answer to the Complaint on February 14, 2019. *See* ECF 28.

## C.  PLAINTIFF'S THIRD MOTION TO AMEND THE COMPLAINT

On September 3, 2019, Plaintiff filed a Third Motion to Amend/Correct Complaint (ECF 38). While RIDOC did not file an objection to Plaintiff's Third Motion to Amend, the Court nevertheless denied Plaintiff's Third Motion to Amend the Complaint. *See* Mem. and Order (ECF 53). In its Memorandum and Order, the Court found that even in recognition of Plaintiff's *pro se* status, "Plaintiff's Motion [was] hopelessly deficient." *See* Mem. and Order (ECF 53), at p. 1-2. The Court also found several more legal infirmities with Plaintiff's claims against Officer Panerello, albeit in the context of whether the allegations presented extraordinary circumstances, Plaintiff's Motion for Appointment of Counsel, that Plaintiff:

3

> For example, Plaintiff seeks damages arising from a single incident in May 2017 when his ankle was [allegedly] bruised by a correctional officer who was trying to spread his legs for a search; even if the Court even if the Court assumes (as it must at this stage of the proceeding) that the officer's conduct was inappropriate, it is difficult to posit that the incident, as Plaintiff describes it, rises to the level of an Eighth Amendment violation.
>
> …
>
> Plaintiff complains bitterly about being fined for tearing pages out of law books; however, *the attachments to his pleading indicate that he received a due process hearing before being fined*. And Plaintiff complains that he was denied access to grievance forms, *yet he attaches grievance forms that he filled in and to which RIDOC responded.*

*See* Mem. and Order, ECF 53, at p. 5-6 (emphasis added).

### D.  PLAINTIFF'S FOURTH MOTION TO AMEND THE COMPLAINT

Plaintiff filed a Fourth Motion to Amend/Correct the Complaint on December 19, 2019, *see* ECF 59, seeking to renew Plaintiff's claims that were dismissed as to Officer Panerello, pursuant to Plaintiff's own representations to the Court, as well as the Court's Order. *See* Mem. and Order (ECF 24), at 3. On January 10, 2020, the Court entered a Text Order granting Plaintiff's Fourth Motion to Amend/Correct (ECF 59), noting that the Court was "[m]indful to Plaintiff's pro se status" and that Plaintiff's Proposed Amended Complaint sought to "add a new defendant (who was initially named but then dropped at Plaintiff's request)" and directed the clerk to label and file the Plaintiff's proposed amended complaint, ECF 59-2, as "the 'Second Amended Complaint.'" *See* Jan. 10, 2020 Text Order.

### E.  THE SECOND AMENDED COMPLAINT

The Second Amended Complaint (ECF 61) was filed with the Court on January 10, 2020. The Second Amended Complaint names RIDOC and Officer Panerello as Defendants. The State accepted service of the Second Amended Complaint on February 10, 2020, with respect to "Officer Panerello in her official capacity only." *See* Notice of Acceptance of Service (ECF 66).

4

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief may be granted is governed by Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleadings need not contain "detailed factual allegations" but must provide "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Twombly*, 550 U.S. at 555.

In considering a motion to dismiss a complaint, the Court "must construe the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts as true, and giving the Plaintiff the benefit of all reasonable inferences." *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13 (1st Cir. 2002). The court is not required to accept conclusions or interpretations of law unsupported by the facts alleged. *Estate of Bennett v. Wainwright*, 548 F.3d 155, 162 (1st Cir. 2008). Similarly, speculative labels are insufficient; a plaintiff must plead specific facts showing a legal right to relief. *Twombly*, 550 U.S. at 555. Accordingly, the Court ignores "statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action-elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Generally, *pro se* plaintiffs' pleadings are held to less stringent standards than those of lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the First Circuit has "required even *pro se* plaintiffs to plead specific facts backing up their claims of civil rights violations." *Glaros v. Perse*, 628 F.2d 679, 684 (1st Cir. 1980).

For purposes of Rule 12(b)(6), while the court may draw upon experience and common

sense, the court is limited to consider only those matters contained within the pleadings. Fed. R. Civ. P. 12(d). Matters contained within the pleadings include "facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." *Rederford v. US Airways, Inc.*, 589 F.3d 30, 35 (1st Cir. 2009) (citing *Jorge v. Rumsfeld*, 404 F.3d 556, 559 (1st Cir. 2005)). The reviewing court need not, however, consider new factual allegations set forth in the plaintiff's opposing memorandum because "[a]ssertions in an opposition to a motion [to dismiss] are not the equivalent of factual pleadings … and would deprive the defendant[ ] of clear notice of the allegations...." *Emrit v. Universal Music Grp., Inc.*, No. CA 13-181-ML, 2013 WL 3730423, at *1 (D.R.I. July 12, 2013) (quoting *Steele v. Turner Broadcasting System, Inc.*, 607 F.Supp.2d 258, 263 (D.Mass.2009)); *see also In re Loestrin 24 Fe Antitrust Litig.*, 814 F.3d 538, 549 (1st Cir. 2016) (dismissal under Rule 12(b)(6) is reviewed de novo). Courts have made narrow exceptions "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson*, 987 F.2d at 3.

## ARGUMENT

I. **THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

The Second Amended Complaint fails to state a claim upon which relief may be granted because fails to allege sufficient facts to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, the monetary relief requested in the Second Amended Complaint is barred as a matter of law under *Will v. Mich. Dep't of State Police*. 491 U.S. 58, 71 (1989); *see also Jones v. State of Rhode Island*, 724 F. Supp. 25, 28 (1st Cir. 1989) ("[N]either the State of

Rhode Island nor any of its officials acting in their official capacities, are 'persons' that can be held liable under § 1983."). Additionally, the injunctive relief Plaintiff seeks is moot.

While it is difficult to decipher, the Second Amended Complaint alleges three general protestations.[3] First, Plaintiff alleges that "On 5-26-17 [Officer] Panerello attacked [Plaintiff] outside of the dining room" and purportedly kicked Plaintiff in his ankles "leaving bruising and physical and emotional pain". *See* Second Amended Compl. (ECF 66), at 4. Second, Plaintiff alleges now that RIDOC "allowed [him] to suffer cruel and unusual punishment in suicide watch and segregation" but provides no facts whatsoever in support of this legal conclusion. *See id.* Lastly, Plaintiff claims that RIDOC fined Plaintiff $1,870 for destroying law books "and found [him] guilty without due process". *Id.* at 5. Plaintiff's requested relief consists of "make the prison allow grievance forms" and "fix the unsanitary suicide cell" and seeks $151,474, largely without explanation for the source of his alleged damages.

### A. Plaintiff's request for monetary damages under 42 U.S.C. § 1983 is barred by *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)

Plaintiff alleges that the Second Amended Complaint is brought pursuant to 42 U.S.C. § 1983, for various constitutional violations. Plaintiff seeks monetary damages[4] in the amount of approximately $151,474. *See* Second Amended Compl. (ECF 61) at 5. Irrespective, Plaintiff's constitutional claims against RIDOC and Officer Panerello[5] fail as a matter of law, because they

---

[3] For the sake of clarity, the State will refer herein to Plaintiff's three protestations, respectively as Counts I, II, and III.

[4] The Second Amended Complaint does not provide any facts or explanation with respect to the source of those alleged damages.

[5] Plaintiff's claims against Officer Panerello in her official capacity are the functional equivalent of a suit against the State. *See Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 834 (1st Cir. 2015) (acknowledging the unavailability of money damages against the State in a § 1983 class action against the Governor of Rhode Island and other official capacity-only state defendants).

7

fall outside the ambit of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that states are not "persons" within the meaning of § 1983).

> Section 1983 provides that:
>
> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (***emphasis added***). In *Will v. Michigan*, The Supreme Court solidified the principle that plaintiffs may not maintain § 1983 claims against a state, because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. at 71. In reaching its decision, the Court first noted that "'in common usage, the term 'person' does not include the sovereign, [and] statutes employing the [word] are ordinarily construed to exclude it.'" Id. at 64 (citations omitted). Furthermore, the Court observed that the language of § 1983 "falls far short of satisfying the ordinary rule of statutory construction that if Congress intends to alter the 'usual constitutional balance between the States and the Federal Government,' it must make its intention to do so 'unmistakably clear in the language of the statute.'" *Id.* at 65 (citations omitted). Finally, in attempting to decipher congressional intent as to the scope of § 1983, the Court concluded that Congress did not intend for § 1983 to provide a federal forum for litigants seeking a remedy against a State for alleged deprivations of civil liberties. *Id.* at 70–71. Likewise, in *Jones v. State of Rhode Island*, the First Circuit applied the Supreme Court's holding in *Will* v. Michigan*,* and held that "neither the State of Rhode Island nor any of its officials acting in their official capacities, are 'persons' that can be held liable under § 1983." 724 F. Supp. 25, 28 (1st Cir. 1989);

*see also Danny B. ex rel. Elliott*, 784 F.3d at 834.

Plaintiff's claims for monetary damages against RIDOC and Officer Panerello fail as a matter of law, because they fall outside the ambit of § 1983 and must be dismissed. *See Will*, 491 U.S. at 71; *see also Jones*, 724 F. Supp. at 28. Therefore, the State respectfully requests this Honorable Court to dismiss the Second Amended Complaint.

### A. Plaintiff's request for prospective injunctive relief is moot.

Plaintiff seeks to enjoin RIDOC and "make the prison allow grivence [*sic*] forms" and to "fix the unsanitary suicide cell". *See* Second Amended Compl. (ECF 61) at 5. Plaintiff's claims here are moot and must be dismissed.

First, with respect to Plaintiff's claim for grievance forms, Plaintiff has no recognized federal or constitutional right to prison grievance forms. *See* 42 U.S.C. § 1997e(b) ("The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title."); *cf also Heon v. Vose*, No. 97-2137 (1st Cir. Aug. 12, 1996) (Plaintiff has no claim for a "State created liberty interest enabling him to due process protection under the classification provision of state prison regulations…."); *Paiva v. Rhode Island Department of Corrections*, C.A. No. 1:17-mc-00014-JJM-LDA (D.R.I. filed Feb. 24, 2017). Moreover, as the Court has correctly noted "Plaintiff complains that he was denied access to grievance forms, yet he attaches grievance forms[6] that he filled in and to which RIDOC

---

[6] RIDOC makes grievance forms available to all inmates. RIDOC respectfully requests the Court take judicial notice of the numerous grievance forms that Plaintiff attached and filed with the Court, as matters of public record. This Court may consider matters of public record, including documents from other court proceedings, without being required to convert a Motion to Dismiss into a Motion for Summary Judgment. *See In Re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003); *see also Boateng v. InterAmerican University, Inc.*, 210 F.3d 56, 60 (1st Cir. 2000). Additionally, "courts have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1,

responded." *See* Mem. and Order (ECF 53), at 6. RIDOC utilizes an administrative grievance procedure and grievance forms are made readily available to all inmates. *See* RIDOC Policy 13.10-3 DOC, available at: https://tinyurl.com/uxehcun;[7] see also 42 U.S.C. § 1997e(b). Specifically, the RIDOC grievance procedure provides that "[g]rievance Forms are available to all inmates and shall be readily accessible in the facility's Law Library or from the Law Cart Clerks. Staff in charge of areas where Grievance Forms are kept shall ensure there are copies available to all inmates." *See* RIDOC Policy 13.10-3 DOC.

It is clear from the foregoing that Plaintiff's claims with respect to grievance forms are moot. Therefore, the Second Amended Complaint should be dismissed.

### B. The Second Amended Complaint fails to assert sufficient facts to allege claims under 42 U.S.C. § 1983

The Second Amended Complaint is extraordinarily similar to the original Complaint (ECF 1) and suffers from even more of the same legal infirmities. This Court has already noted the deficiencies of Plaintiff's legal claims when examining "the merits and complexity of Plaintiff's non-<u>Heck</u>-barred claims", albeit in the context of denying Plaintiff's motion to appoint free legal counsel. *See* Mem. and Order (ECF 53). Nevertheless, RIDOC will address Plaintiff's claims in turn.

#### 1. *Count I should be dismissed because the search by Officer Panerello does not rise to the level of an Eighth Amendment violation.*

Just as the original Complaint, the Second Amended Complaint concerns an incident in

---

3 (1st Cir. 1993); *see also Cruz v. Melecio*, 204 F.3d 14, 21 (1st Cir. 2000) (allows a court considering a Motion to Dismiss to consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice").

[7] RIDOC respectfully requests the Court take judicial notice of RIDOC Policy 13.10-3 DOC, which is a matter of public record.

May 2017, when Officer Panerello conducted a search incident to a disciplinary infraction committed by Plaintiff and allegedly caused bruising on Plaintiff's ankle when she tried to spread his legs to conduct the search. *See* Second Amended Compl. (ECF 66), at 4; *see also* ECF 53, at 5. Even assuming Plaintiff's allegation as true, Plaintiff fails to allege any facts that would overcome Officer Panerello's qualified immunity.

The doctrine of qualified immunity precludes suits for money damages against state officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). The First Circuit employs a two-step analysis to determine whether a plaintiff's claim may breach a public official's qualified immunity. *Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009) ("[W]e now adopt the Court's two-part test and abandon our previous usage of a three-step analysis."). Accordingly, when making an objective reasonableness determination, a court must decide: (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right; and (2) if so, whether the right was "clearly established" at the time of the defendant's alleged violation. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)). The second step, in turn, has two aspects: (a) the first focusing on the clarity of the law at the time of the alleged civil rights violation and (b) the second focusing more concretely on the facts of the particular case and whether a reasonable defendant would have understood that this conduct violated the plaintiffs' constitutional rights. Id. (citing Anderson, 483 U.S. at 640). That is to say, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (quoting *Brosseau v. Haugen*, 543 U.S. 194, 199 (2004)). In other words, an officer's claim of qualified immunity will be defeated if, "in light of pre-existing law" the unlawfulness of the officer's conduct was "apparent." *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see also Bilida v. McCleod*, 211 F.3d 166, 174 (1st Cir. 2000) (noting that qualified immunity

11

leaves "ample room for mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violate the law."); *DeAbadia v. Izquierdo Mova*, 792 F.2d 1187, 1193 (1st Cir. 1986) ("*Harlow* demands not prescience, but subjective good faith.").

Here, Plaintiff fails to satisfy the first requirement, because the Second Amended Complaint fails to allege an actual deprivation of Plaintiff's Eighth Amendment rights, beyond just a conclusory allegation. *See A.G. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (noting that conclusory allegations in a complaint "need not be credited"). Plaintiff simply offers a conclusory allegation that "On 5-26-17 [Officer] Panerello attacked [Plaintiff] outside of the dining room" and purportedly kicked Plaintiff in his ankles "leaving bruising and physical and emotional pain". *See* Second Amended Compl. (ECF 66), at 4. Such a conclusory allegation, which need not be credited, does not show Officer Panerello acted with "deliberate indifference to a substantial risk of serious harm" towards Plaintiff. *See* U.S. Const. Amend VIII; *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Merely alleging that a lawful search caused a minor injury, without more, cannot rise to the level of an Eighth Amendment violation. *See A.G. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013). As the Court correctly noted previously, "Even if the Court assumes (at it must at this stage of the proceeding) that the officer's conduct was inappropriate, it is difficult to posit that the incident, as Plaintiff describes it, rises to the level of an Eighth Amendment violation." *See* Mem. and Order (ECF 53), at 5; *see also Twombly*, 550 U.S. at 555 ("The pleadings need not contain "detailed factual allegations" but must provide "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."). Because the Second Amended Complaint fails to state an Eighth Amendment claim that is plausible on its face, this Honorable Court should dismiss Count II. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

    **2.** ***Count II should be dismissed because Plaintiff fails to allege sufficient facts***

> *to demonstrate an Eighth Amendment violation concerning the conditions in disciplinary confinement.*

Plaintiff alleges that RIDOC "allowed [him] to suffer cruel and unusual punishment in suicide watch and segregation."[8] *See* Second Amended Compl. (ECF 61), at 4. However, Plaintiff provides no facts whatsoever in support of this conclusory allegation, which need not be taken as true. *See A.G. v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013); *see also Twombly*, 550 U.S. at 555. Moreover, Plaintiff is not entitled to relief with respect to Count II, as discussed *supra*, in Section I(A). *See Will*, 491 U.S. at 71. Because the Second Amended Complaint fails to state an Eighth Amendment claim that is plausible on its face and Plaintiff is not entitled to relief, this Honorable Court should dismiss Count II. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> **3.** *Count III should be dismissed because Plaintiff fails to allege sufficient facts to demonstrate a due process violation with respect to the disciplinary action taken against Plaintiff for destroying law books*

Plaintiff fails to state a claim with respect to Count III, because it apparent from the face of the Second Amended Complaint—as well as multiple other documents filed by Plaintiff with this Court—that Plaintiff received due process prior to being fined for destruction of the law books. *See* Second Amended Compl. (ECF 61). As this Court correctly noted previously, "Plaintiff complains bitterly about being fined for tearing pages out of law books; however, the attachments to his pleading indicate that he received a due process hearing before being fined. Mem. and Order (ECF 53) (citing ECF Nos. 1-3, 1-4, 1-5, 1-8). RIDOC respectfully requests that this Court take judicial notice of these documents. *See Cruz v. Melecio*, 204 F.3d 14, 21 (1st Cir. 2000) (Rule 12

---

[8] Notably, RIDOC does not place inmates in "segregation". Rather, RIDOC employs multiple forms of restrictive housing, which are provide substantially different privileges to inmates compared to traditional "segregation".

(b)(6) allows a court considering a Motion to Dismiss to consider "not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice"). Because the Second Amended Complaint fails to state a due process claim that is plausible on its face, this Honorable Court should dismiss Count III. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## CONCLUSION

**WHEREFORE**, the State respectfully requests this Honorable Court dismiss the Second Amended Complaint (ECF 61) with prejudice for the reasons set forth herein.

Respectfully Submitted,

STATE OF RHODE ISLAND,
DEPARTMENT OF CORRECTIONS; and
CORRECTIONAL OFFICER
PANERELLO, in their official capacity
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Justin J. Sullivan*
Justin J. Sullivan (Bar No. 9770)
Kayla E. O'Rourke (Bar No. 9531)
Special Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Fax: (401) 222-2995
Ext. 2007 | jjsullivan@riag.ri.gov
Ext. 2020 | korourke@riag.ri.gov

## **CERTIFICATE OF SERVICE**

       I, the undersigned, hereby certify that a copy of the within document was filed via the ECF filing system on Tuesday, March 10, 2020 and that it is available for viewing and downloading. I further hereby certify that I mailed a copy of the foregoing document by United States mail, postage prepaid, on Tuesday, March 10, 2020 to:

Allen J. Hanson (Inmate ID #129924)
Adult Correctional Institute – Maximum Security
P.O. Box 8273
Cranston, RI 02920

                                                                                              */s/Justin J. Sullivan*