IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLEN HANSON,

    Plaintiff,

v.

RHODE ISLAND DEPARTMENT OF
CORRECTIONS; PATRICIA A. COYNE-
FAGUE, in her capacity as Director of the
Rhode Island Department of Corrections; and
Officer Panerello

Case No.: 1:17-cv-00598-WES-PAS

## AMENDED COMPLAINT

NOW COMES PLAINTIFF, Allen Hanson, through his attorneys, and for his Complaint against the above-listed Defendants, states as follows:

## PARTIES

1. Plaintiff is an individual who at all times relevant was an inmate at the Rhode Island Department of Corrections Intake Service Center.

2. Defendant Rhode Island Department of Corrections ("RIDOC") is part of the executive branch of state government created by the General Assembly pursuant to Rhode Island General Law § 42-56-1. As part of the executive branch of state government, the RIDOC is subject to tort liability pursuant to Rhode Island General Law § 9-31-1.

3. Patricia A. Coyne-Fague ("Coyne-Fague") is an individual and the acting director of the RIDOC. As the acting director of the RIDOC, Coyne-Fague is responsible for all functions, services, and duties of the RIDOC pursuant to Rhode Island General Law § 42-56-4.

4. Officer Panerello ("Panerello") is an individual who at all times relevant was employed by the RIDOC as a correctional officer.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 given that this is a civil action alleging violations of the Eight Amendment of the United States Constitution.

6. This Court has supplemental jurisdiction over all state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 given that the acts and/or omissions given rise to these claims occurred within the State of Rhode Island and the Defendants are located within the State of Rhode Island.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates all prior and subsequent allegations in this Complaint as if fully set forth herein.

9. On or about May 21, 2017, Plaintiff was charged with first-degree murder and ordered held without bail. He was initially placed in a restrictive housing unit for 24 hours before being transferred to the general population.

10. On Plaintiff exited the cafeteria and was physically and verbally attacked by Officer Panerello.

11. Officer Panerello kicked Plaintiff's legs and ankles causing Plaintiff to suffer immediate physical pain and injury.

12. The attack by Officer Panerello was unnecessary, without cause, and intended for the sole purpose of causing physical and mental harm to Plaintiff.

13. Immediately following the attack by Officer Panerello, Plaintiff was booked and placed in disciplinary confinement for a period of 20-days. Exhibit A: Inmate Discipline History Report.

14. Upon being placed in disciplinary confinement Plaintiff suffered a mental breakdown and placed on suicide watch in a unit referred to as "CMS."

15. While in the CMS unit, Plaintiff was denied basic essentials such as toilet paper, a tooth brush, soap, shoes, showers, and utensils.

16. The conditions of Plaintiff's confinement in the CMS unit were deplorable and the walls and floor was covered with feces and urine.

17. Plaintiff was forced to stay inside of his chamber in the CMS unit except to meet with the prison psychologist and thus tolerate the deplorable conditions that existed.

18. For months Plaintiff was unable to secure the form required to file a grievance.

19. Plaintiff filed a filed a grievance based on the decision to place him in disciplinary confinement and filed a complaint against Officer Panerello.

20. Plaintiff's grievance was denied and his complaint against Officer Panerello was subsequently ignored.

21. Plaintiff filed a Level 2 Grievance pursuant to the RIDOC's policies and procedures pertaining to Inmate Grievances.

22. Plaintiff's Level 2 Grievance was never heard despite having filed the grievance in accordance with policy and procedure.

23. On or about September 22, 2017, Plaintiff was booked and placed in disciplinary confinement for a period of 20-days for damaging law books belonging to the RIDOC. Exhibit A: Inmate Discipline History Report.

24. After receiving notice of the infraction, Plaintiff challenged the infraction using the RIDOC's grievance procedure.

25. On or about October 4, 2017, the RIDOC issued a restitution order to Plaintiff alleging that the damage to the law books totaled $1,072.60. Exhibit B: Restitution Order.

26. Plaintiff challenged the Restitution Order within the time period as set forth in the Restitution Order.

27. Despite challenging the Restitution Order within the time frame specified, a copy of the Restitution Order was sent to Inmate Accounts and Plaintiff's account was debited $1,072.60.

28. After a hearing conducted on or about November 21, 2017, Plaintiff was charged with assault on an inmate with serious injury resulting. The hearing on that charge was conducted by a single hearing officer and the sanctions imposed were 150 days of disciplinary confinement and loss of good time.

### COUNT I: VIOLATION OF THE 8TH AMENDMENT'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT

29. Plaintiff incorporates all prior and subsequent allegations in this Complaint as if fully set forth herein.

30. Plaintiff's chamber in the CMS Unit was deplorable and the walls and floor were covered with urine and feces.

31. Plaintiff was denied basic essentials such as toilet paper, a tooth brush, soap, shoes, showers, and utensils.

32. Defendants knew or should have known of the deplorable conditions in Plaintiff's confinement and sought to remedy the situation.

33. By denying Plaintiff toilet paper, a tooth brush, soap, shoes, access to the shower, and utensils, Defendant subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.

34. Plaintiff was sentenced to 150 days disciplinary confinement in violation of the Morris Rules established by the Consent Order entered by this Court in *Morris v. Travisono*, 310 F. Supp. 857 (D.R.I. 1970) (the "Morris Case").  Such confinement constitutes cruel and unusual punishment.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order declaring that Defendants violated Plaintiff's right to be free from cruel and unusual punishment in violation of the Eighth Amendment, reinstate Plaintiffs' good time, expunge the sentence of excessive disciplinary confinement from Plaintiff's record, award compensatory damages, award punitive damages, award attorney fees and the cost of litigation pursuant to 42 U.S.C. § 1983, and other relief that this Honorable Court deems appropriate based on the circumstances.

## COUNT II:  BREACH OF CONTRACT

35. Plaintiff incorporates all prior and subsequent allegations in this Complaint as fully set forth herein.

36. Plaintiff is a third party beneficiary of the Consent Decree entered in the Morris Case and of the Morris Rules established pursuant to that Consent Decree.

37. The Morris Rules require that the Department of Corrections Hearing Board consist of three members. Upon information and belief, the hearing on November 22, 2017 that resulted in the imposition of 150 days' disciplinary confinement of the Plaintiff was conducted by a single hearing officer in violation of the Morris Rules.

38. The Morris Rules limit the amount of punitive segregation the Disciplinary Board can impose to thirty days.

39. The Department of Corrections breached the Morris Rules and Consent Order by failing to conduct Plaintiff's hearing before a Disciplinary Board consisting of three members.

40. The Department of Corrections breached the Morris Rules and Consent Order by imposing a sanction of 150 days disciplinary confinement as Plaintiff's punishment.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order declaring that Defendants breached the Consent Decree and the Morris Rules, reinstate Plaintiffs' good time, expunge the illegal sentence from Plaintiff's record, award compensatory damages, award punitive damages, award attorney fees and the cost of litigation pursuant to 42 U.S.C. § 1983, and other relief that this Honorable Court deems appropriate based on the circumstances.

## COUNT III: ASSAULT

41. Plaintiff incorporates all prior and subsequent allegations in this Complaint as fully set forth herein.

42. When Plaintiff exited the cafeteria, he was thrown against a wall and his legs and ankles were kicked by Officer Panerello and Officer Panerello verbally abused Plaintiff.

43. The attack on Plaintiff by Officer Panerello caused Plaintiff to suffer immediate physical and mental pain and injury.

44. The attack by Officer Panerello was unnecessary, without cause, and was intended for the sole purpose of causing physical ad mental harm to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award Plaintiff compensatory damages, punitive damages, attorney fees, and other relief that this Honorable Court deems appropriate based on the circumstances.

## COUNT IV: CONVERSION

45. Plaintiff incorporates all prior and subsequent allegations in this Complaint as if fully set forth herein.

46. Defendants debited Plaintiff's inmate account in the amount of $1,072.60 for allegedly damaging law books belonging to the RIDOC.

47. Defendants debited Plaintiff's inmate account despite the fact the Plaintiff followed the appropriate procedures for challenging the amount of the alleged damage to the law books.

48. By debiting Plaintiff's account in the amount of $1,072.60, Defendants have deprived Plaintiff of his personal property and converted it to their own personal use for which they have no lawful claim.

WHEREFORE, Plaintiff requests judgment against Defendants in the amount of actual damages suffered, together with punitive damages, interest, costs, attorney fees, and any other relief this Court deems appropriate under the circumstances.

## JURY DEMAND

PLAINTIFF DEMANS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

Plaintiff,

By his attorneys,

/s/ _____
Stacey P. Nakasian, Esq., (#5069)
DUFFY & SWEENEY, LTD
321 South Main Street, Suite 400
Providence, RI  02903
(401) 455-0700 (T)
(401) 455-0701 (F)
snakasian@duffysweeney.com


/s/ _____
Ronald C. Desnoyers, Esq. (#8778)
Law Offices of Ronald C. Desnoyers, Inc.
838 Reservoir Avenue
Cranston, RI 02910
Tel.:  (401) 789-4600
Fax:   (401) 789-4660
desnoyerslaw@gmail.com

Dated: _____, 2020


## **CERTIFICATE OF SERVICE**

     I certify that on _____, 2020, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


/s/ _____