**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **ALLEN J. HANSON,** *Plaintiff* <br><br> v. <br><br> **STATE OF RHODE ISLAND, DEPARTMENT OF CORRECTIONS; Et al.,** *Defendants* | **C.A. No. 1:17-cv-0598-WES-PAS** <br><br><br> **JURY TRIAL REQUESTED** |

## STATE DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

**NOW COME** Defendants, the Rhode Island Department of Corrections, ("RIDOC"), Patricia A. Coyne-Fague in her official capacity as Director of RIDOC, and Correctional Officer Donald Panarello in his official capacity ("Officer Panarello") (collectively, "State Defendants"), and hereby answers the Third Amended Complaint (ECF 83) filed by Plaintiff Allen J. Hanson ("Plaintiff") as follows:

### PARTIES

1. Admitted to the extent that Plaintiff was a pretrial detainee or inmate at the Adult Correctional Institution in or about May 2017. The remainder of the allegations in Paragraph 1 are denied.

2. Admitted to the extent that RIDOC is an agency of the State of Rhode Island. The remainder of the allegations in Paragraph 2 are denied.

3. Admitted to the extent that Patricia A. Coyne-Fague is the Director of RIDOC. The remainder of the allegations in Paragraph 3 are denied.

4. Admitted.

## JURISDICTION AND VENUE

5. Denied.

6. Denied.

7. Admitted.

## GENERAL ALLEGATIONS

8. State Defendants hereby incorporate by reference their responses to Paragraphs 1 through 7 as if fully set forth herein.

9. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 9, and on that basis, the allegations are denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 14, and on that basis, the allegations are denied.

15. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 15, and on that basis, the allegations are denied.

16. Denied.

17. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 17, and on that basis, the allegations are denied.

18. Denied.

19. Admitted to the extent that Plaintiff filed a grievance on or about January 17, 2018. The remainder of the allegations in Paragraph 19 are denied.

20. Admitted to the extent that Plaintiff's grievance was denied. The remainder of the allegations in Paragraph 20 are denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Admitted to the extent that RIDOC issued a restitution order to Plaintiff totaling $1,072.60, for destruction of prison library books. The remainder of the allegations in Paragraph 25 are denied.

26. Denied.

27. Admitted to the extent that RIDOC charged Plaintiff's inmate trust account $1,072.60 for restitution, on or about October 24, 2017. The remainder of the allegations in Paragraph 27 are denied.

28. Admitted to the extent that on or about November 22, 2017, Plaintiff pled guilty to assaulting another inmate causing serious bodily injury and sanctions of 150 days disciplinary confinement and loss of good time were imposed. The remainder of the allegations in Paragraph 28 are denied.

### COUNT I: VIOLATION OF THE 8TH AMENDMENT'S PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT

29. State Defendants hereby incorporate by reference their responses to Paragraphs 1 through 28 as if fully set forth herein.

30. Denied.

31. State Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 31, and on that basis, the allegations are denied.

32. Denied.

33. Denied.

34. Denied.

WHEREFORE, State Defendants respectfully request that Count I is denied and dismissed.

## COUNT II: BREACH OF CONTRACT

35. State Defendants hereby incorporate by reference their responses to Paragraphs 1 through 34 as if fully set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

WHEREFORE, State Defendants respectfully request that Count II is denied and dismissed.

## COUNT III: ASSAULT

41. State Defendants hereby incorporate by reference their responses to Paragraphs 1 through 40 as if fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

WHEREFORE, State Defendants respectfully request that Count III is denied and dismissed.

## COUNT IV: CONVERSION

45. State Defendants hereby incorporate by reference their responses to Paragraphs 1 through 44 as if fully set forth herein.

46. Admitted to the extent that RIDOC charged Plaintiff's inmate trust account $1,072.60 for restitution, on or about October 24, 2017. The remainder of the allegations in Paragraph 46 are denied.

47. Denied.

48. Denied.

WHEREFORE, State Defendants respectfully request that Count IV is denied and dismissed.

## JURY DEMAND

State Defendants request a trial by jury on all issues so triable.

[*Affirmative Defenses on following page*]

## STATE DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against the State.

### Second Affirmative Defense

The State has the benefit of its status as sovereign, together with all privileges and immunities that inure to said sovereign status. The State has the benefit of all expressed and implied exceptions to the waiver of sovereign immunity.

### Third Affirmative Defense

To the extent that the State is not immune and is held liable for damages, which liability is expressly denied, Plaintiff is not entitled to recover attorneys' fees, costs, or punitive damages as against the State, because such recovery is not authorized under federal or state law.

### Fourth Affirmative Defense

To the extent the State is not immune and is held liable for damages, which liability is expressly denied, the monetary limitations on damages set forth in State law, including but not limited to R.I. Gen. Laws § 9-31-2, should apply to the State and State officials.

### Fifth Affirmative Defense

At all times material to the matters alleged in the Complaint, the State, its officers, agents, and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed. Thus, the State acted reasonably and in good faith and did not violate any clearly established law and, therefore, is entitled to qualified immunity.

### Sixth Affirmative Defense

The acts or omissions of the State were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful and did not constitute actual fraud, willful misconduct, or actual malice and were not in violation of Federal or State law.

### Seventh Affirmative Defense

The State asserts and any all applicable defenses relating to the assumption of risk.

### Eighth Affirmative Defense

The State asserts that the Plaintiff caused and/or contributed to the alleged injuries or damages complained of, and therefore, the State pleads the doctrine of comparative and/or contributory negligence.

### Ninth Affirmative Defense

The State asserts that the alleged injuries Plaintiff sustained were neither caused by nor contributed to, either directly or indirectly, by any acts or omissions of the State but said injuries and/or damages, if any, were the result of the superseding and intervening acts or omissions of persons or entities other than the State for which acts or omissions the State is neither liable nor responsive.

### Tenth Affirmative Defense

The State asserts any and all applicable defenses to Plaintiff's failure to mitigate the alleged injuries or damages.

### Eleventh Affirmative Defense

The State is immune from liability under the Public Duty Doctrine.

### Twelfth Affirmative Defense

The Plaintiff's claims are barred by the doctrine of laches.

### Thirteenth Affirmative Defense

The State had no actual or constructive notice of any defects and/or dangerous conditions toward Plaintiff, if any existed, and as such had no duty to Plaintiff.

### Fourteenth Affirmative Defense

Without admitting that the Complaint states a claim, the State is indemnified by another party or third party for any damages claimed by Plaintiff.

### Fifteenth Affirmative Defense

The State pleads the defense of open and obvious condition.

### Sixteenth Affirmative Defense

The State reserve the right to amend this filing and to bring or assert any and all applicable affirmative defenses which discovery may reveal appropriate or that become known later during the pendency of this action.

### Seventeenth Affirmative Defense

The State reserve the right to amend this filing and to bring or assert any and all applicable affirmative defenses which discovery may reveal appropriate or that become known later during the pendency of this action.

### Seventeenth Affirmative Defense

Plaintiff's claims are moot.

### Eighteenth Affirmative Defense

Plaintiff lacks standing.

### Nineteenth Affirmative Defense

The State reserve the right to amend this filing and assert additional affirmative defenses, to the extent permitted by the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Rhode Island.

**WHEREFORE**, the State respectfully requests that the Complaint in this civil action be dismissed; that judgment enter for State Defendants; and any such other relief as is lawful and proper.

Respectfully Submitted,

STATE DEFENDANTS
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/ Justin J. Sullivan*

Justin J. Sullivan (#9770)
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2007
Fax: (401) 222-2995
jjsullivan@riag.ri.gov

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on Friday, February 12, 2021, a true and accurate copy of the within document was filed via Court's CM/ECF filing system and that it is available for viewing and downloading. I also certify that the following parties or their counsel of record are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| Stacy P. Nakasian, Esq. | Ronald C. Desnoyers, Esq. |
| snakasian@duffysweeney.com | desnoyerslaw@gmail.com |

*/s/Justin J. Sullivan*

9